# STATE OF VERMONT

SUPERIOR COURT                                             ENVIRONMENTAL DIVISION
                                                          Docket No. 23-3-17 Vtec

---

Mountain Top Inn & Resort Jurisdictional Opinion (#1-391)

---

## ENTRY REGARDING MOTION

Act 250 Jurisdictional Opinion (23-3-17 Vtec)

Title:          Motion to Compel (Motion 2)

Filer:          Katherine R. Hall

Attorney:       James A. Dumont

Filed Date:     September 22, 2017

Response in Opposition filed on 10/10/2017 by Attorney Christopher D. Roy for Appellant Chittenden Resorts, LLC

Reply in Support of Motion filed on 10/24/2017 by Attorney James A. Dumont.

**The motion is GRANTED IN PART and DENIED IN PART.**

The Vermont Natural Resources Board ("NRB") and Kathy R. Hall (collectively, "Movants") move to compel RMT Associates, LLC and Chittenden Resorts, LLC (collectively, "Appellants") to respond to NRB's Interrogatory #10 and Ms. Hall's Requests to Produce #5 and #7 ("Hall RTP #5" and "Hall RTP #7").

The present appeal is of an Act 250 Jurisdictional Opinion ("JO") issued by the District Coordinator for the District #1 Environmental Commission ("District Coordinator") on February 23, 2017. Appellants requested the JO concerning a home rental program associated with Mountain Top Inn and Resort ("Resort"). The JO determined that the home rental program constitutes a substantial change to the Resort, and a material change to the resort facilities and independently-owned homes associated with the rental program. The District Coordinator also concluded the rental homes are "involved land" for Act 250 purposes.

As we consider the pending motion to compel, we first note that the allowable scope of discovery in litigation is generally very broad: parties are permitted to make inquiries "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." V.R.C.P 26(b)(1). Even if a discovery request targets information that would be inadmissible at trial, the discovery may be allowed, "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Interrogatory #10 asks Appellants to "provide an accounting of all financial gains realized through the Rental Program for each home since 2007." Hall RTP #5 asks Appellants to produce various financial and business information, plans and statements relating to the income gained from the rental program homes and income gained from other accommodations at the Resort. Appellants object, arguing the requests are irrelevant to the legal issues presented in this appeal and seek confidential and propriety information. For the reasons stated below, we decline to compel Appellant to respond further to Interrogatory #10 and Hall RTP #5.

We first note that this JO appeal appears to raise legal issues of first impression in Act 250 jurisprudence. Appellants initially sought advice from the District Coordinator about the wisdom of applying for and receiving "a stand-alone Master Permit," to address the "compliance and monitoring challeng[es]" that have arisen from the multitude of state land use permits and conditions that presently encumber the Resort. Letter from Atty. Roy, dated January 24, 2017, Requesting a Jurisdictional Opinion, at Pp. 1–2.

The investigation concerning a Master Permit apparently led to a discussion and disclosure of the components of Appellants' Resort business. One component of the Resort business has historically been to offer to manage the rental of nearby single-family homes that are individually owned by others.[1] Some of these nearby homes were built on lots originally created through prior subdivisions of the lands that were once included in the Resort lands. When the District Coordinator suggested that these individually-owned homes would need to be included in the Resort developments for purposes of the anticipated Master Permit application, Appellant sought the JO that is the subject of this appeal, seeking a determination of whether "third party participation in the Resort's rental program . . . is sufficient to subject the[se independently-owned] homes . . . to Act 250 jurisdiction under the Resort's land use permit for the Resort Property." Id. at 1.

In response to Appellants' request, the District Coordinator issued JO #1-391, concluding that:

[T]he addition of 26 ancillary private homes under the exclusive control of the resort during regular rental periods, offered and advertised by the resort and other sources as lodging facilities available at and offered by the Mountain Top Inn, constitutes a material change to both the permitted resort and to the permitted private homes. With respect to any private homes not presently subject to Act 250 jurisdiction, I conclude that those homes constitute both a substantial change to the preexisting features of the resort and "involved lands" under the Act 250 Rules[2]—engaged by contract with the Mountain Top Inn. . . ..
In summary, without consideration of the cumulative, aggregated impacts of use of resort facilities by all guests, the District Commission and statutory parties are deprived of the ability to adequately address potential or actual impacts under the Act 250 criteria. This is contrary to the provisions of both statute and rule.

---

[1] The Resort appears to be not too far away from the Killington Mountain Resort and is attractive to short-term renters visiting the area. Id. at 2.

[2] A footnote that provides a detailed quotation of Act 250 Rule 2(C)(5) was included here in the JO.

JO #1-391 at 6.[3]

In response to the JO, Appellants filed a timely appeal with this Court and thereafter filed its Statement of Questions, raising three legal issues:

1.      For purposes of evaluating the scope of Act 250 jurisdiction, does Mountain Top exercise "control" over private homes voluntarily participating in Mountain Top's short-term vacation rental program from time to time?

2.      Does the participation of private homes in Mountain Top's voluntary short-term rental program, considered alone, subject those house lots to coverage under an Act 250 permit governing Mountain Top's land and operations?

3.      Are the answers to the above questions altered if the private homes previously received "separate" subdivision approval pursuant to Act 250, and are thus already subject to Act 250 jurisdiction pursuant to those permits?

Appellants' Statement of Questions, filed April 6, 2017, at 1.

We recite this procedural history to provide context to this somewhat unique jurisdictional appeal.  In essence, the challenged legal determinations assert that multiple private property owners have engaged in a jurisdiction-triggering joint venture, such that (a) their business relationships should be considered "material changes" to the previously permitted development at the resort, and (b) that those same business relationships should be regarded as a "joint venture", such that the separately-owned rental homes should be regarded as "involved land" and be subject to the terms and conditions of any Act 250 permit governing the Resort activities.

The parties have not presented any citation to a prior proceeding that presents precedent for these legal issues, either before a district commission, the former Environmental Board, this Court, or our Supreme Court.  Our own research has found none, either.

For purposes of the pending motion, we are not on completely uncharted waters.  We reference the legal issues presented by the challenged JO and Appellants' Statement of Questions in order to frame what facts may be relevant to this litigation.  When determining what facts are relevant, we look to the legal issues that a litigation presents.  See Vermont Turquoise Hospitality, LLC, No. 131-8-14 Vtec, slip op. at 3 (Vt. Super. Envtl. Div. Jun. 24, 2015) (Durkin, J.) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The pending motion and Appellants' objection to it raise challenges concerning what facts are relevant to this litigation.  Movants argue their discovery requests seek evidence of a "joint venture" between Appellants and relevant homeowners.[4]  Appellants assert that the Movants' discovery requests seek confidential information that is not determinative of the legal issues concerning whether a "joint venture" has been established.  For the reasons stated above and

---

[3] Copies of Attorney Roy's Jan. 24, 2017, letter, requesting the JO, as well as JO #1-391, have been filed as part of the record in this appeal.

[4] Pursuant to 10 V.S.A. § 6001(14)(A), those engaged in a "joint venture" are treated as the same "person" for Act 250 development and jurisdictional purposes.

below, we conclude that the financial information sought in Interrogatory #10 and Hall RTP #5 is beyond the scope of allowable discovery in this litigation.

We first note that Appellants have asserted, and Movants have not contested, that the detailed financial data sought is confidential in nature, and that Movants have not provided a justification for why these confidences and trade secrets should be breached and disclosed. More to the point, we note that Appellants have already responded to Movants' discovery requests by disclosing and producing copies of their rental management agreements with the individual homeowners, albeit with the specific percentages and figures redacted from those contract forms. These two undisputed procedural facts compel us to deny the pending motion regarding these two discovery requests.

Moreover, we question how, particularly in light of the disclosures already made, revelations of the details concerning the Resort's confidential business secrets will shed any further light on the legal issues presented. A joint venture requires "an agreement to share in profits and losses, joint control or right to control, and joint proprietary interest in the subject matter and a community of interest in the performance of the common purposes." Winey v. William E. Daily, Inc., 161 Vt. 129, 140 (1993) (citations omitted). Important to our analysis here, the Winey v. Daily precedent does not rely upon a specific measure of the shared profits and losses. Simply put, we reject Movants' assertion that the percentage or gross receipts that Appellants receive through these rental management arrangements provides any further context to the question of whether Appellants and the independent homeowners are engaged in a joint venture or what further impacts, if any, these rental management arrangements could or are likely to cause in connection with the Resort operations. Appellants have provided spreadsheets showing the frequency that the individual homes have been rented through the Resort's efforts. We cannot discern how the specific fees received by the Resort for the rental of the individual homes is relevant to the jurisdictional issues raised in this appeal.

We agree with Appellants that the requested financial information is confidential in nature and provides no further revelations regarding the relationship between the Resort and the independent homeowners.[5] Therefore, we **DENY** the motion to compel Appellants' response to Interrogatory #10 and Hall RTP #5.

Hall RTP #7 asks Appellants to produce various documents pertaining to impacts from the rental home program. Appellants object, arguing that impacts are not relevant to the jurisdiction determination. We disagree.

Any material change to the Resort would constitute a development activity, which would require a permit amendment. A material change is a change in permitted development "which may result in a significant adverse impact" to an Act 250 criterion. Act 250 Rules, Rule 2(c)(6). While impacts themselves may not create Act 250 jurisdiction, they are relevant when determining if there has been a material change such that Act 250 jurisdiction requires an application for amendment to an existing permit. Impacts are similarly relevant when determining if the land is "involved" or if there has been a substantial change to preexisting

---

[5]  To the extent there is any relevance in the requested information, the Court finds it too remote to the proportional needs of the case. V.R.C.P. 26(b)(1).

development.   Act 250 Rules, Rule 2(c)(5)(a), 2(c)(7).   We therefore conclude that Movants' motion to compel a response to Hall RTP #7 must be and is **GRANTED**.

**So Ordered.**

Electronically signed on November 2, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge

Notifications:

Christopher D. Roy (ERN 1352), Attorney for Appellants RMT Associates, LLC
    and Chittenden Resorts, LLC

Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board

James A. Dumont (ERN 1948), Attorney for Cross Appellant Katherine R. Hall

Interested Person Patrick Max

Interested Person Patricia Bick

Interested Persons Robert and Joanne Pye

Interested Person Laurie Wilson

Interested Persons Gerald and Christine Gormley